UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JAN 1 8 2006

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H- |
| $107,096.00 (ONE HUNDRED SEVEN THOUSAND, NINETY-SIX DOLLARS) IN UNITED STATES CURRENCY | § § § § § | H-06-0194 |
| Defendant. | § § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America, Plaintiff, alleges on information and belief that:

1. This is a civil action in rem brought to enforce the provisions of:

   a. 18 U.S.C. § 981(a), which provides for the forfeiture of any property, including money, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956, 1957 or 1960, or any property traceable to such property.

   In addition, proceeds of specified unlawful activity are specifically subject to forfeiture under applicable statutes, including 18 U.S.C. §1956(a)(1)(B)(ii), which provides for the forfeiture of proceeds obtained from a transaction designed in whole or in part to avoid a transaction reporting requirement under state or federal law.

   b. 31 U.S.C. § 5317(c), which provides for the forfeiture of any property

involved in a violation of 31 U.S.C. §§ 5313, 5316, or 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy; and

    c. 18 U.S.C. § 984, which provides for the forfeiture of fungible property, including cash, found in the same place as the property involved in the offense, when the action is commenced within one year as more fully set out in Section 984.

## Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355. The defendant money will remain within the jurisdiction of this Court during the pendency of this action. Venue is proper in the Southern District of Texas under 28 U.S.C. §§ 1391 and 1395.

## Defendant Property

3. The defendant money consists of $107,096.00 in United States currency (hereinafter "defendant property") which was seized during the execution of a search warrant at RM Global, Inc., d/b/a International Money Transfer (hereinafter "IMT"), in Houston, Texas.

## Factual Basis for Forfeiture

4. Rahman Moton a/k/a Rehman Moton (hereinafter "Moton") is the owner and

operator of IMT which has its principal place of business at the premises located in a strip-mall at 5636 Hillcroft, Houston, Texas.

5. IMT is a Texas licensed money remitter. Moton applied for the license with the State of Texas on or about December 31, 2003. As part of the application, Moton signed an oath of license by which Moton agreed "to comply with the currency reporting and record-keeping requirements of 31 U.S.C., Section 5313, 31 C.F.R. Part 103, and other relevant state and federal law."

6. On or about April 9, 2003, February 29, 2004, and March 8, 2005, Moton signed a Texas Department of Banking Renewal Form for Currency Exchange, Transportation or Transmission License. The renewal form has the same oath of license as the original license application and lists a statement confirming compliance with Section 153.102 of the Texas Finance Code. As a currency transmitter, IMT is subject to certain reporting and record keeping requirements for transactions of $3,000.00 and greater.

7. IMT is a financial institution which must be registered with the Financial Crime Enforcement Network (FinCEN) under 31 U.S.C. § 5312(a)(2)(R). IMT is required to file Currency Transaction Reports (CTRs) for cash transactions in amounts greater than $10,000.00. Based on documents obtained from the business operations of IMT, IMT received in excess of approximately $12,502,963 during the

period from about January 20, 2005, through August 10, 2005. During that same period, neither Moton nor anyone on behalf of IMT filed a CTR as required by law.

8. Documents recovered from Moton's residence included tiny slips of paper which Moton attempted to hide in the furniture. The slips of paper contain the dates of transactions conducted by IMT from July 27, 2005 through August 9, 2005; amounts of currency involved in the transactions; and names and telephone numbers of persons associated with transactions. The amounts listed on the documents total approximately $256,427.00. Law enforcement agents attempted to contact the persons listed on the slips of paper in order to verify the information appearing on the slips of paper. The majority of the telephone numbers listed on the slips of paper had been disconnected or did not belong to the person named on the slips of paper. Many of the addresses listed on the slips of paper either did not exist or were abandoned property. Some of the individuals listed on the slips of paper had left the residence listed on the slips of paper over one year prior to the alleged transaction. Several individuals who were contacted confirmed that the information contained on the slips of paper was false in that they did not send currency on the dates or to the locations listed on the slips of paper which bore their name as the sender.

9. The pattern of Moton and IMT's unlawful activities are further evidenced by a series of money transactions from on or about July 13, 2004, through on or about

June 20, 2005. On or about July 13, 2004, Moton received $20,000 in United States currency. The $20,000 in currency less transaction and bank fees was received in Kurachi, Pakistan on or about July 19, 2004. The transaction log and receipts maintained by IMT failed to enter any receipts in excess of $10,000 during the period from July 13, 2004, through July 19, 2004. Neither Moton nor anyone on behalf of IMT filed a CTR for this transaction.

10. On or about August 12, 2004, Moton received $20,000 in United States currency. Moton did not obtain any form of identification from the person who gave him the $20,000. The $20,000 in currency less transaction and bank fees was received in Kurachi, Pakistan on or about August 18, 2004. The transaction log and receipts maintained by IMT failed to enter any receipts in excess of $10,000 during the period from August 12, 2004, through August 18, 2004. Neither Moton nor anyone on behalf of IMT filed a CTR for this transaction.

11. On September 16, 2004, Moton received $30,000 in United States currency. Moton did not obtain any form of identification from the person who gave him the $30,000. The currency consisted of $21,000 dollars in cash and a cashier's check in the amount of $9,000. The $30,000 in currency less transaction and bank fees was received in Kurachi, Pakistan on or about October 5, 2004. The transaction log and receipts maintained by IMT failed to enter any receipts in excess of $10,000

during the period from September 16, 2004, through October 5, 2004. Neither Moton nor anyone on behalf of IMT filed a CTR for this transaction.

12. On March 2, 2005, Moton received $20,000 in United States currency. Moton did not obtain any form of identification from the person who gave him the $20,000. The $20,000 in currency less transaction and bank fees was received in Kurachi, Pakistan on or about March 16, 2005. The transaction log and receipts maintained by IMT failed to enter any receipts in excess of $10,000 during the period from March 2, 2005, through March 16, 2005. Neither Moton nor anyone on behalf of IMT filed a CTR for this transaction.

13. On May 26, 2005, a person seeking to transfer $3,000 to Pakistan met with an IMT employee. The employee instructed the sender to send $2,500 and to come back in a few days to send the remaining $500. In addition to instructing the person about how to structure the $3,000 transfer to Pakistan, the employee conducted the financial transaction without using any identification information about the sender such as the sender's date of birth or social security number, thus violating the federal currency transmission requirements and the federal anti-money laundering program requirements.

14. On June 20, 2005, a person seeking to transfer $3,000 to Pakistan met with an IMT employee. The employee instructed the sender to send $2,500 and to

come back in a few days to send the remaining $500. In addition to instructing the person about how to structure the $3,000 transfer to Pakistan, the employee conducted the financial transaction without using any identification information about the sender such as the sender's date of birth or social security number, thus violating the federal currency transmission requirements and the federal anti-money laundering program requirements.

15. Documents recovered by law enforcement concerning IMT activities confirm that IMT conducted financial transactions, in cash, without reporting those transactions as required by law. In the past year, reporting violations and financial transactions conducted by IMT far exceed the amount of the defendant property.

16. Moton and others agents acting on behalf of IMT knowingly violated the currency reporting requirements of federal law.

17. The defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §881, 18 U.S.C. § 981(a), 31 U.S.C. § 5317, and/or 18 U.S.C. § 984.

WHEREFORE, the United States of America prays:

1. Summons issue according to the normal procedure of this Court citing all persons having an interest in the above described defendant currency to appear on the return day of process by filing a claim and answer pursuant to Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, or as ordered by the

Court;

2. That warrant of arrest issue commanding the arrest of the defendant property;

3. That judgment of forfeiture to the United States be decreed against the defendant property; and

4. For costs and such other and further relief to which plaintiff may be entitled.

                Respectfully submitted,

                CHUCK ROSENBERG
                UNITED STATES ATTORNEY

By: _____
      Gerald Doyle
      Assistant U.S. Attorney
      Admission ID No. 1453
      TX SBN 06091500
      910 Travis, Suite 1500
      P.O. Box 61129
      Houston, Texas  77208
      Phone: 713-567-9599
      Fax: 713-718-3300

## VERIFICATION

I, Heather Hanka, am a Special Agent with the United States Immigration and Customs Enforcement. I have read the foregoing Complaint for Forfeiture In Rem. The facts set forth therein are true and correct to the best of my knowledge and belief.

_____
Heather Hanka
Special Agent
U. S. Immigration and Customs Enforcement


Sworn to and subscribed before me, the undersigned authority, on this _18_ day of January , 2006.


_____
Notary Public in and for the State of Texas


My Commission expires: January 13, 2007



TAMELA ALICIA HERRERA
MY COMMISSION EXPIRES
January 13, 2007

# CIVIL COVER SHEET

H-06-0194

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
$107,096.00 (ONE HUNDRED SEVEN THOUSAND, NINETY-SIX DOLLARS) IN UNITED STATES CURRENCY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Gerald Doyle
United States Attorney's Office
P.O. Box 61129, Houston, Texas 77208
(713) 567-9599

Attorneys (If Known)
David Gerger
700 Louisiana St., Suite 2300
Houston, Texas 77002
(713) 224-4400

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED
JAN 1 8 2006
Michael N. Milby, Clerk of Court

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud / ☐ 371 Truth in Lending | ☒ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

18 U.S.C. 981(a), 31 U.S.C 5317(c) & 18 U.S.C. 984

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 01-18-2006 | Gerald Doyle  /s/ Gerald Doyle |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.